UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

NICHOLAS STOLL,

        Petitioner,

v.

CHIPPEWA COUNTY PROSECUTING
ATTORNEY,

        Respondent.
_____/

Case No. 2:19-cv-200

Honorable Janet T. Neff

**OPINION**

This is a habeas corpus action brought by a pretrial detainee under 28 U.S.C. § 2241. *See Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981) (holding that, where a pretrial detainee challenges the constitutionality of his or her pretrial—or prejudgment—detention, he or she must pursue relief under 28 U.S.C. § 2241). Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* Rule 1(b), Rules Governing § 2254 cases (permitting application of the Rules Governing § 2254 Cases to § 2241 petitions); and *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After

undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because the petition has been rendered moot and, therefore, the Court lacks jurisdiction.

## Discussion

### I. Factual allegations

Petitioner Nicholas Stoll is presently incarcerated with the Michigan Department of Corrections at the Charles Egeler Reception & Guidance Center (RGC) in Jackson County, Michigan. At the time Petitioner filed the petition, however, he was detained in the Chippewa County Jail pending his prosecution on methamphetamine offenses. Petitioner pleaded *nolo contendere*[1] in the Chippewa County Circuit Court to operating or maintaining a lab involving methamphetamine, in violation of Mich. Comp. Laws § 333.7401c. On December 3, 2019, the court sentenced Petitioner as a second habitual offender, Mich. Comp. Laws § 769.10, to a prison term of 3 to 30 years.

On September 23, 2019, while he was detained in the Chippewa County Jail pending his prosecution, Petitioner filed his habeas corpus petition. The petition raised six grounds for relief, as follows:

  I.  On July 11, 2018, police broke into Petitioner's personal residence with no search warrant, Petitioner told them they could not search his home without

---

[1] In Michigan, a plea of *nolo contendere* has essentially the same effect on the criminal prosecution as does a plea of guilty:

> Since a plea of *nolo contendere* indicates that a defendant does not wish to contest his factual guilt, any claims or defenses which relate to the issue of factual guilt are waived by such a plea. Claims or defenses that challenge a state's capacity or ability to prove defendant's factual guilt become irrelevant upon, and are subsumed by, a plea of *nolo contendere*. Hence, we hold that a plea of *nolo contendere* has the same effect upon a defendant's ability to raise an issue on appeal as does a plea of guilty. Only those defenses which challenge the very authority of the state to prosecute a defendant may be raised on appeal after entry of a plea of *nolo contendere*.

*People v. New*, 398 N.W.2d 358, 363 (Mich. 1986) (footnotes omitted).

a warrant. Petitioner was never given a warrant before, during or after the search.

II. The affiant included false statements in a sworn affidavit in support of a warrant to mislead the judge or magistrate.

III. Affidavit has no eyewitness or report of any crime to [permit] two separate houses to be searched on one warrant.

IV. Officers failed to properly execute search warrant by seizing items/property from a different location other than the specific place authorized by judge for place to be searched.

V. Caller giving tip, affidavit never identified caller or asked any questions, dialogue of tip indicates caller is an employee who is relaying second hand information of an incident that took place with another employee, not the actual caller, and it reporting this three days later to Officer Donnay, who relayed it to Detective Stemky, Who then relayed it to affiant James Mcleod.

VI. Foul Play, corrupted law enforcement.

</blockquote>

(Pet., ECF No. 1, PageID.6-10.)

## II. Mootness

In *Spencer v. Kemna*, 523 U.S. 1 (1998), the Supreme Court explained the "case or controversy" requirement of Article III, § 2, of the Constitution, as follows:

> "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990). *See also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*Spencer*, 523 U.S. at 7 (parallel citations omitted) (quoting *Lewis, supra*, at 477). For a pretrial detainee, an issue regarding the legality of pretrial detention becomes moot once he is convicted. *Murphy v. Hunt*, 455 U.S. 478, 481-82 (1982); *United States v. Manthey*, 92 F. App'x 291, 297 (6th Cir. 2004); *United States v. Davis*, 35 F. App'x 245, 246 (7th Cir. 2002).

Because Petitioner has been convicted, there is no longer any injury that can be redressed by a favorable judicial decision; thus, there is no case or controversy here. *Spencer*, 523 U.S. at 7. Accordingly, the petition is moot and this Court is deprived of jurisdiction. *See Demis v. Sniezek,* 558 F.3d 508, 512 (6th Cir. 2009) ("Because the exercise of judicial power under Article III of the Constitution depends on the existence of a live case or controversy, mootness is a jurisdictional question.").

## III.     Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

4

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, for the same reasons the Court concludes that it may not consider Petitioner's claim that he was detained in violation of the Constitution and that Petitioner is not entitled to a certificate of appealability, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

### **Conclusion**

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.


Dated: January 9, 2020                  /s/ Janet T. Neff
                                                      Janet T. Neff
                                                      United States District Judge